GILBERT L. COHEN, Theodore H. Pallet, Albert G. Morris, and Evergreen Land Company, Inc., dba Americana Apartments, Petitioners-Defendants,

*v.*

JAMES G. COOK, Ray Gill, and Terry Gilley, Respondents-Plaintiffs.

462 S.W.2d 499

(*Nashville*, December Term, 1969.)

Opinion filed April 6, 1970.

Petition for Rehearing Denied December 7, 1970.

730

R. B. PARKER, JR., Nashville, for petitioners-defendants.

WILLIAM F. BURTON, JR., and JOHN M. THROWER, Nashville, for respondents-plaintiffs.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court by grant of writ of certiorari. In this opinion the parties will be referred to as they appeared in the trial court; that is, James G. Cook, Ray Gill and Terry Gilley as plaintiffs, and

Gilbert Cohen, Theodore H. Pailet, Albert G. Morris, and Evergreen Land Company, dba, Americana Apartments, as defendants.

In the trial court plaintiffs recovered a judgment upon a jury verdict against defendants in a malicious prosecution action. Upon appeal the Court of Appeals modified the judgment and as modified affirmed, 462 S.W.2d 502. The petition to this Court for certiorari was denied, as we did concur in the results reached by the Court of Appeals. In the petition to rehear the denial of certiorari it was ably and insistently argued the trial judge erred in instructing the jury to determine the issue of probable cause and for the purpose of dealing with this issue certiorari was granted.

■ In a malicious prosecution action the determination from the evidence of the existence or lack of existence of probable cause is a question of law for the court and it is error to submit this issue to the jury. In cases where the evidence upon which this issue is to be determined is admitted or undisputed and only one inference can be drawn therefrom the matter presents no great difficulty for the trial judge. In cases where the evidence on this issue is conflicting, such does present to the trial judge a difficult duty as it involves instructing juries on a mixed question of law and fact; but difficult or not, where the evidence is conflicting on this issue it still remains the province of the trial judge as a matter of law to determine the existence or lack of existence of probable cause.

■ Where the evidence determining the existence or lack of existence of probable cause is conflicting, there are two methods open to the trial judge. First, the trial

judge can submit special questions to the jury requiring the jury to determine whether certain facts are or are not established by the evidence, and then based upon this determination made by the jury the trial judge, as a matter of law, determines the existence or lack of existence of probable cause. Secondly, the trial judge can state hypothetically the facts relied upon by both the plaintiff and defendant on the issue of probable cause, instructing the jury if it finds the facts relied upon by the plaintiff to be established by the evidence, then as a matter of law there was a lack of probable cause for the prosecution of the action upon which the malicious prosecution action is founded; but if it finds the facts relied upon by the defendant established by the evidence then as a matter of law there was probable cause for the prosecution of the action upon which the malicious prosecution action is founded.

See *Memphis Gayoso Gas Co. v. Williamson,* 56 Tenn. 314 (1872); *Cooper v. Flemming,* 114 Tenn. 40, 84 S.W. 801 (1904); *F. W. Woolworth Co. v. Connors,* 142 Tenn. 678, 222 S.W. 1053 (1919); *Abbott v. Ledbetter,* 1 Tenn. App. 458 (1925); *Nashville Union Stockyards, Inc. v. Grissim,* 13 Tenn.App. 115 (1930); *Bankhead v. Hall,* 34 Tenn.App. 412, 238 S.W.2d 522 (1950); 34 Am.Jur. Malicious Prosecution sec. 161.

In the case at bar the trial judge instructed the jury as follows:

The issues for you to determine are basically these: Were the prosecutions of these plaintiffs by the defendants named done without probable cause and with malice.

This charge requires the jury to make a determination on the issue of probable cause and such is error.

The evidence in the case at bar reflects such was conflicting on the issue of probable cause. Under this situation then the error now alleged by defendants is essentially that the trial judge erred in his instructions to the jury either by failure to submit special questions or state the matter hypothetically.

The difficulty we have here is that we do not find defendants in their motion for a new trial specifically called to the attention of the trial judge the error of allowing the jury to determine probable cause. The Court of Appeals in its opinion does state in substance where the evidence on the issue of probable cause is conflicting such is to be determined by the jury. The Court of Appeals used this language in its discussion of two assignments of error as follows:

I. The court erred in overruling plaintiffs in error's motion for peremptory instructions made at the conclusion of defendants in error's evidence and renewed at the close of all the evidence, and in refusing to direct a verdict for plaintiffs in error because there was no evidence to permit a finding by the jury for defendants in error or to support verdicts for them.

\* \* \* \* \* \*

III. There was no legally sufficient evidence to support the verdicts.

Under the first assignment of error the Court of Appeals was called upon to determine if the trial judge was in error in failing to direct a verdict for defendants upon any or all the grounds alleged in the motion. The grounds

alleged by defendants in the motion for a directed verdict are as follows:

(1) The evidence adduced in this cause affirmatively shows that there was probable cause to believe the Plaintiffs committed the act or acts giving rise to their prosecution.

(2) Because Plaintiffs in this case have failed to show an absence of probable cause as they are legally required to do when an issue with respect thereto has been raised by the Defendants.

(3) Because the Plaintiffs have failed to prove malice on the part of the Defendants as they are likewise required to do when an issue with respect thereto has been raised by the Defendants.

The first ground in defendants' motion required the trial judge to determine whether or not defendants had shown by uncontradicted facts and circumstances they acted on probable cause. This is the same issue raised in *Peoples Protective Life Ins. Co. v. Neuhoff,* 56 Tenn. App. 346, 407 S.W.2d 190 (1966). In *Neuhoff* the defendant based its motion for a directed verdict upon the same ground as the first ground set out above in the case at bar. In *Neuhoff* the trial judge overruled the motion and upon appeal the Court of Appeals finding, from the uncontradicted proof and circumstances, it did affirmatively appear the defendant had acted on probable cause, reversed and dismissed the case. In *Neuhoff* the Court of Appeals did not reach the issue of the province of the court and jury in determining probable cause since it was not necessary to the disposition of the case. The situation is the same in the case at bar. In the case at bar since the evidence on probable cause is conflicting

then at the time the trial judge gave his charge to the jury he would be required to elect which one of the two methods would be used in determining probable cause. The motion for a directed verdict based on the claim defendants acted on probable cause does not raise the issue of the province of the court and jury in determining probable cause.

In a malicious prosecution action the plaintiff has the burden of showing the defendant acted without probable cause. Under defendants' second ground of the motion for a directed verdict the trial judge was required to determine if the plaintiff had entered in evidence any proof of the absence of probable cause on the part of defendants. This does not raise the issue of the province of the court and jury in determining probable cause.

The third ground of defendants' motion for a directed verdict alleges the failure of plaintiffs to prove malice another necessary element in a malicious prosecution action. The decision of the trial judge upon this ground would not relate to the issue of the province of the court and jury in determining probable cause.

The third assignment of error in the Court of Appeals essentially raises the same arguments as in the motion for a directed verdict.

Defendants also submitted several requests to be included in the charge, but none of these deal with the province of the court and jury in the determination of probable cause.

We are here requested to reverse this case on an error never called to the attention of the trial judge, and in

fact, has been brought into issue for the first time on appeal.

Since the error now alleged was not brought to the attention of the trial judge, under Rule 14(4) and (5) of this Court we consider it waived.

We do not think it necessary to detail other assignments of error assigned by both the plaintiffs and defendants. A full discussion of these assignments is contained in the Court of Appeals opinion. However, we have examined these assignments and find them without merit.

The judgment of the Court of Appeals is affirmed.

CRESON, HUMPHREYS, and MCCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.