**Michael Dewayne DOWELL, Plaintiff-Appellant,**

**v.**

**Henry E. McKINNON and B & G Wholesalers, Inc., Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Dec. 29, 1988.

Permission to Appeal Denied by Supreme Court March 27, 1989.

Stan Allen, Nashville, for plaintiff-appellant.

David A. King, Cornelius & Collins, Nashville, for defendants-appellees.

## OPINION

CANTRELL, Judge.

This is an action for malicious prosecution. The trial judge held that the defendants had probable cause to initiate the criminal prosecution against the plaintiff and granted the defendants' motion for summary judgment.

On July 10, 1986, Henry E. McKinnon, an employee of B & G Wholesalers, Inc., procured a warrant for the arrest of Michael D. Dowell (who was also a B & G employee) on a charge of grand larceny. The affidavit in the warrant averred that, on June 23, 1986, Mr. Dowell did "steal, take and carry away [a] quantity of cognac, 4½ cases of the value of appr. $450.00 dollars, the property of or in the possession of as bailee or agent of B & G Wholesalers, Inc...." At a preliminary hearing on September 9, 1986, the charges in the warrant were dismissed.

Mr. Dowell filed this action on April 14, 1987, alleging that Mr. McKinnon and his employer, B & G Wholesalers, Inc., were guilty of malicious prosecution.

To sustain an action for malicious prosecution, the plaintiff must prove that the defendants brought an action against the plaintiff, that the action was terminated in favor of the plaintiff, and that the defendants acted with malice and without probable cause to believe the facts upon which the claim was based. *Evans v. Perkey,* 647 S.W.2d 636 (Tenn.Ct.App.1982); *Buda v. Cassel Bros., Inc.,* 568 S.W.2d 628 (Tenn. Ct.App.1978).

The question of probable cause in a malicious prosecution case is a question of law for the court. *Lewis v. Williams,* 618 S.W. 2d 299 (Tenn.1981). Where the evidence on the issue of the existence of probable cause is conflicting, however, the facts are for the jury to decide. *Id.* at 300; *Cohen v. Cook,* 224 Tenn. 729, 462 S.W.2d 499 (1970).

In ruling on the summary judgment motion, the trial judge held that the *uncontradicted* facts in the record showed that Mr. McKinnon had probable cause to believe that Mr. Dowell was guilty of the crime described in the warrant. The trial judge relied on the following definition of probable cause:

Probable cause for criminal prosecution is said to consist of the existence of such facts and circumstances as would excite in a reasonable mind a belief that the person charged with the crime was guilty thereof. The question is not whether the defendant [here, the plaintiff] is really guilty, but was there good and reasonable grounds for the prosecutor to believe he was.

*Mullins v. Wells,* 60 Tenn.App. 675, 683–684, 450 S.W.2d 599, 603 (1969) (citations omitted).

The following facts in the record are undisputed and were known to Mr. McKinnon on July 9, 1986, the day before he procured the warrant against Mr. Dowell.

On June 24, 1986, at about 8:15 a.m., Milton Newsome, a driver for B & G Wholesalers, Inc., discovered some extra bottles of liquor on his truck and reported that fact to the warehouse manager. At his first stop on that morning, Mr. Newsome received a telephone call from someone who identified himself as "Mike" who said he needed to get something from Mr. Newsome's truck. "Mike" asked Mr. Newsome to leave the truck unlocked when he went to lunch. Mr. Newsome refused to cooperate. The caller said money was no problem to him since he made $1800 a month. The caller also said that if Mr. Newsome returned the bottles to the warehouse he (Mr. Newsome) would get in a lot of trouble and Mr. McKinnon would ask a lot of questions. When Mr. Newsome returned to the warehouse at the end of his shift, he had approximately four and a half boxes of cognac and wine on his truck for which he had no orders.

Mr. McKinnon initiated an investigation. He found that the cargo on Mr. Newsome's truck had initially been assigned to a truck driven by Jack Owen, but was reassigned at the last minute because the assistant night supervisor could not find the keys to Mr. Owen's truck. Mr. Dowell was on duty in the warehouse the night the cargo for Mr. Newsome's truck was assembled. Moreover, Mr. Dowell had breached the company security system in which orders that have been pulled and boxed are checked by a different employee; on the night in question, Mr. Dowell asked the regular checker to let Mr. Dowell check the orders that he (Mr. Dowell) had pulled. At approximately 7:15 the next morning, an unusual time for Mr. Dowell to be on the premises, Mr. Dowell asked another employee what time Mr. Newsome came to work. The other employee informed Mr.

Dowell that Mr. Newsome had probably already left on his run.

As a part of the investigation, Mr. McKinnon asked several B & G employees to submit to lie detector tests. Jack Owen, who had been scheduled to carry the cargo that ended up in Mr. Newsome's truck, submitted to the test and failed. Michael Shaw, another employee, also failed the test. Mr. Dowell refused to take the test. When a police detective, hired by B & G to help in the investigation, went to Mr. Dowell's home to question him about the theft, the detective observed a large quantity of bottled liquor on the floor in the front room of Mr. Dowell's residence.

In opposition to the undisputed facts quoted above, Mr. Dowell submitted his own affidavit showing the following facts: that there were four people named "Mike" who were employed by B & G Wholesalers, Inc.; that, approximately ten days prior to July 10, 1986, Mr. McKinnon tried to get the plaintiff to give a statement that he actually saw Mike Shaw take the stolen liquor out of stock and arrange to have it placed on the truck in question; that, when Mr. Dowell refused to implicate Mike Shaw, Mr. McKinnon became irritated; that Mr. Dowell, on the night the liquor was taken from the warehouse, only had access to bottles of liquor in different sizes from the ones that appeared on Mr. Newsome's truck; that the security system at B & G Wholesalers, Inc. made it impossible for the plaintiff to commit the crime for which he was charged.

We are of the opinion that, under the undisputed facts, a reasonable person could conclude that Mr. Dowell was guilty of the crime with which he was charged. Therefore, an essential element of Mr. Dowell's case—lack of probable cause—is missing.

Mr. Dowell insists that there is a factual issue because of the additional facts set out in his affidavit. The additional facts he presents, however, relate to the issue of malice, and our courts have held that the absence of probable cause cannot be inferred from malice. *Sullivan v. Young,* 678 S.W.2d 906 (Tenn.Ct.App.1984). Moreover, "if there is reasonable cause to prose-

cute, the state of mind is immaterial." *Peoples Protective Life Ins. Co. v. Neuhoff,* 56 Tenn.App. 346, 366, 407 S.W.2d 190, 199 (1966). Thus, the trial court properly granted summary judgment to the defendants.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

CRAWFORD and HIGHERS, JJ., concur.