PHYLLIS HOVENDEN,                    )
     Petitioner/Appellant,           )
BILL HOVENDEN, ELLEN WEMYSS,          )
PATRICIA HIGHERS, RICHARD             )
ROUCH, and CITIZENS FOR AN            )
ORDERLY DEVELOPMENT OF                )
GALLATIN,                            )
     Petitioners,                    )      Sumner Chancery
                                    )      No. 94C-243
VS.                                  )      Appeal No.
                                    )      01-A-01-9508-CH-00383
CITY OF GALLATIN, GALLATIN            )
PLANNING COMMISSION, GALLATIN         )
CITY COUNCIL, L.A. GREEN, III,  )
TRUSTEE, L.A. GREEN, III and          )
CALVERT GREEN CLEVENGER,              )
     Respondents/Appellees,          )
and WAL-MART STORES, INC.,            )
     Intervenor/Appellee.            )

**FILED**

**March 8, 1996**

**Cecil W. Crowson
Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE
APPEAL FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE
HONORABLE IRVIN H .KILCREASE, JR., BY INTERCHANGE

RALPH W. MELLO
101 Westpark Drive, Suite 250
Brentwood, Tennessee 37027
ATTORNEY FOR PETITIONER/APPELLANT

C.L. Rogers
Joe H. Thompson
ROGERS & MOORE
119 Court Square
Gallatin, Tennessee 37066
ATTORNEYS FOR RESPONDENTS/APPELLEES
CITY OF GALLATIN, GALLATIN PLANNING COMMISSION,
AND GALLATIN CITY COUNCIL

Paul C. Ney, Jr.
DORAMUS & TRAUGER
222 Fourth Avenue, North
Nashville, Tennessee 37219
ATTORNEY FOR RESPONDENTS/APPELLEES
L.A. GREEN, III and GREEN & LITTLE, A PARTNERSHIP

Robert E. Parker
George A. Dean
PARKER, LAWRENCE, CANTRELL & DEAN
200 Fourth Avenue, North - Suite 500
Nashville, Tennessee 37219
ATTORNEYS FOR INTERVENOR/APPELLEE WAL-MART STORES, INC.

MODIFIED, AFFIRMED AND REMANDED

        HENRY F. TODD, PRESIDING JUDGE, MIDDLE SECTION
CONCUR: SAMUEL L. LEWIS, JUDGE and WILLIAM C. KOCH, JR., JUDGE

PHYLLIS HOVENDEN, )
     Petitioner/Appellant, )
BILL HOVENDEN, ELLEN WEMYSS, )
PATRICIA HIGHERS, RICHARD )
ROUCH, and CITIZENS FOR AN )
ORDERLY DEVELOPMENT OF )
GALLATIN, )
     Petitioners, )
    ) Sumner Chancery
    ) No. 94C-243
VS. )
    ) Appeal No.
    ) 01-A-01-9508-CH-00383
CITY OF GALLATIN, GALLATIN )
PLANNING COMMISSION, GALLATIN )
CITY COUNCIL, L.A. GREEN, III, )
TRUSTEE, L.A. GREEN, III and )
CALVERT GREEN CLEVENGER, )
     Respondents/Appellees, )
and WAL-MART STORES, INC., )
     Intervenor/Appellee. )

O P I N I O N

The captioned petitioners filed their "Petition for Writ of Certiorari and Verified Complaint" seeking review of the action of the City Council of Gallatin in regard to the zoning of certain property and for injunctive relief. From an adverse judgment in the Trial Court, one of the petitioners, Phyllis Hovenden, has appealed, presenting the following issues for review:

> 1. Whether the appropriate analysis for reviewing the actions of the Gallatin City Council in passing an ordinance to rezone property should be declaratory judgment?
>
> 2. Whether the Chancery Court erred in failing to award petitioners a declaratory judgment after determining that the Gallatin Planning Commission and Gallatin City Council did not make the requisite findings of fact?
>
> 3. Whether the Gallatin Planning Commission and Gallatin City Council violated the Gallatin Zoning Ordinance by considering and granting a rezoning request before a preliminary master plan was submitted?
>
> 4. Whether the Gallatin Planning Commission and the Gallatin City Council violated the Gallatin Zoning Ordinance by considering a proposed master plan that did not include a certification that the services of one or more design professionals were utilized in the preparation of the master plan?

-2-

5.  Whether the Chancellor erred in denying petitioner's motion to supplement the record with the minutes of the Gallatin Planning Commission and the Gallatin City Council?

Petitioners are owners of property in the vicinity of a 23 acre tract which is the subject of zoning action by the Gallatin Planning Commission and the Gallatin City Council for the purpose of permitting the construction of a shopping complex for the use of the intervenor, Wal-Mart Stores, Inc.

Prior to the present proceeding, the subject property was zoned "MRO-PUD," which means "Multiple Residential Office-Planned Unit Development." Within this area multiple residences, offices and planned unit developments were allowed. A "Planned Unit Development" is a planned use which includes uses not ordinarily allowed in the zone if they are included in a plan for development of a particular tract which specifies the particular use to which each part of the tract is to be devoted. If approved by the City Council, the planned unit development is binding upon the developer and any change in the designated use of any part of the development must be approved by the Council.

On May 21, 1984, the "Final Master Plan" of a planned unit development of the subject property under the name "Village Green," was approved and included in the planning records of the City of Gallatin. The plan designated various sections of the tract for "Office/Commercial, to become retail (General Retail Sales and Services Food Services Commercial) to a maximum of 100,000 GAF and with minimum of 137 cars (1:800 GAF). To exclude major department or discount stores and gasoline stations specifically." (Emphasis supplied.)

The emphasized words excluded the use of the land for the proposed Wal-Mart Store. The purpose of this proceeding is to amend the plan of Village Green Planned Unit Development to remove the above emphasized exclusion so that the Wal-Mart Store could be built.

There was a difference of opinion as to the proper manner of removing the exclusion. Some thought that it could be removed by simply amending the provisions of the 1984 Plan of Village Green Planned Unit Development. Others thought that a change of the basic zoning classification of the property was required. Ultimately both methods were pursued and consummated, and the results are the subject of this judicial review.

The plan to change the basic zoning was initiated first. On June 1, 1994, the Planning Commission recommended, and on June 28, 1994, the City Council enacted Ordinance No. 094-981 changing the zoning of Village Green from "MRO-PUD General Commercial" to "CG-PUD General Commercial."

On July 5, 1994, the City Council passed Ordinance 094-980 concurring in the action of the Planning Commission amending the 1984 Plan of Village Green Planned Unit Development to "Commercial General," thereby removing the above emphasized exclusions.

On July 25, 1994, the Planning Commission finally approved the amendment of the plan of Village Green Planned Unit Development as concurred in by the City Council on July 5, 1994.

On July 27, 1994, the captioned petitioners filed their "Petition for Writ of Certiorari and Verified Complaint" seeking relief from Ordinance No. 094-981 changing the zoning of the subject property, Ordinance No. 094-980 concurring in the amendment of the plan of Village Green Planned Unit development, and the July 25, 1994 final approval of the amendment by the Planning Commission.

On August 30, 1994, the Trial Court remanded the cause to the City Council for findings of fact. On November 2, 1994, the City Council filed findings of fact.

The Trial Judge filed a comprehensive Memorandum in which he disposed of 15 specific issues raised by petitioners, dismissed the petition and affirmed the actions of the City Council and Planning Commission. A judgment was entered accordingly.

Appellant's issues and arguments are based upon the premise that legislative action was required to eliminate the provision in the plan of Village Green Planned Unit Development forbidding "major department or discount stores and gasoline stations specifically."

This Court respectfully disagrees.

In 1984, when the subject land was zoned for planned unit developments, a planned unit development of the land was duly approved which permitted commercial activity within the development limited only by the quoted exclusion. The removal of that exclusion was properly accomplished by amendment of the plan of the planned unit development, without any amendment of the zoning ordinance. The state zoning statute and the Gallatin General Zoning Ordinance authorize this procedure.

T.C.A. Sections 13-7-201, *et seq.* confer power upon municipal legislative bodies to establish zoning policies within their territorial jurisdiction and prescribe the procedures for exercising the power.

In 1979, the Gallatin City Council adopted a Zoning Ordinance for the City of Gallatin.

Article VIII of said ordinance is entitled "Planned Unit Development District Regulations." It prescribes the requirements and procedure for obtaining approval of planned unit developments.

Pertinent portions of the Zoning Ordinance are:

81-101 <u>Intent and Purpose.</u>

The purposes of these Planned Unit Development District Regulations are as follows:

a. To promote flexibility in design and permit planned diversification in the location of structures;

b. To promote the efficient use of land in order to facilitate a more economic arrangement of buildings; circulation systems, land use, and utilities;

c. To preserve to the greatest extent possible the existing landscape features and amenities and to utilize such features in a harmonious fashion;

d. To encourage the total planning of tracts of land consistent with pertinent long-range plans.

. . . .

82-103 <u>Application, Review, Public Hearing and Official Action         of a Planned Unit Development</u>

The provisions of this Section set forth the requirements for the application, official review and action for all planned unit developments provided for by this article.

. . . .

82-103.4 <u>Planning Commission Action on Preliminary Application for Planned Unit Development</u>

Within 45 days after initial submission to the Planning Commission, the Commission shall take action on the preliminary application by any one of the following:

a. Unconditional preliminary approval.

b. Conditional preliminary approval, in which the Planning Commission expressly denotes modifications which must be a part of the preliminary approval.

c.  Disapproval.

. . . .

82-103.402 <u>City Council Approval of Preliminary Plan</u>

Any approval of a preliminary application by the Planning Commission shall be transmitted to the Gallatin City Council for their concurrence.

. . . .

82-103.5 <u>Final Approval of the Planning Commission of the Proposed Planned Unit Development</u>

The concurrence of the City Council with the preliminary approval of a planned unit development shall authorize and form the basis for the Planning Commission final approval of said development. The final approval of the Gallatin Planning Commission of the planned unit development shall be subject to the procedures and requirements of this section.

. . . .

82-103.505 <u>Final Planning Commission Action</u>

Upon receipt of the application for final approval of a planned unit development, the Planning Commission shall examine such application including the plan and determine whether it substantially conforms to all applicable criteria and standards and whether it substantially conforms in all respects to the previously approved preliminary master development plan. The Commission may impose such conditions of approval as are in its judgment necessary to ensure conformity to the applicable criteria and standards. In so doing, the Commission may permit the applicant to revise the plan and resubmit it as a final master development plan within 30 days.

82-103.506 <u>Planned Unit Development and the Official Zoning Map</u>

The boundary of a planned unit development having a preliminary approval by the Gallatin City Council shall be placed by the Zoning Administrator directly on the Official Zoning Map overlaying the existing zoning districts just prior to preliminary approval and identified by the ordinance number providing the preliminary approval. Likewise, as a result of Planning Commission and City Council action, when the planned unit development is canceled, the planned unit development shall be removed from the Official Zoning Map by the Zoning Administrator, and the district which was shown on the map immediately prior to the mapping of the planned unit development shall appear thereon, unless an alternative district is recommended by the Planning Commission and enacted by the City Council.

There is no requirement for concurrence of the City Council in the final Planning Commission action prescribed by 82-103-505.

Under the existing zoning, a single commercial activity was not authorized, but a Commercial Planned Unit Development was authorized, provided its internal structure (including the precise designation of various commercial activities) was duly approved under the above provisions of the General Zoning Ordinance.

On May 21, 1984, the Planning Commission approved a "Final Master Plan" for the subject property under the name, Village Green. Proportions of the property were designated as follows:

Tract A II - Office/Commercial Site 8.0 acres

Tract A III - Shopping Village 5.9 acres

Tract A IV - Convenience Commercial 3.4 acres

The plan map also contains the following notations:

Tract A II - To become retail (General Retail Sales and Services Food Services, Commercial)* to a maximum of 100,000 GAF and with minimum of 137 cars (1:800 GAF)

* To exclude major department or discount stores, major grocery stores and gasoline stations specifically.

Under the above quoted provision, the City Council approval of the Preliminary Plan was required. No approval by the Council of the Final Master Plan was required.

The minutes of the Planning Commission for May 24, 1994, contain the following:

11. L.A. Green 3-5-94: Represented by Brown and Dedman, Inc. The applicant is requesting to amend the final master plan regarding commercial general planned unit development. Subject property is located on Highway 31 E at Belvedere Drive, is on tax map 126I/A/001.00 and is zoned MRO - Commercial PUD - General. Dean Carlson with Brown and Dedman Inc. came forward to present this request. Mr. Allers stated that the applicant is requesting an amendment to the final master development plan. Currently the plan allows for 299,700 square feet of commercial use in the PUD. The applicant would like to amend the PUD as to the location of 200,000 square feet of density of the PUD will remain the same. The applicant also requested that the PUD plat be amended to delete the exclusions on Tract A-II. These exclusions do not allow major department or discount stores,

major grocery stores and gasoline stations. If the Planning Commission approves these amendments then its action will be to send this case to the City Council, for concurrence, with an approval recommendation. The staff recommends approval. . . .

On June 1, 1994, the Planning Commission approved the amended PUD.

On July 5, 1994, City Council by Ordinance No. 094-98D concurred in the action of the Planning Commission.

On July 25, 1994, the Planning Commission finally approved the PUD in accordance with Section 82-103.5 of the Zoning Ordinance quoted above.

The foregoing proceedings perfected the right of the owners to develop the subject land in accordance with the amendment to the PUD approved by the Planning Commission and City Council, without any change of zoning. Any zoning change by the City Council was surplusage and irrelevant to the present controversy.

In this view of the case, it is unnecessary to discuss appellant's arguments asserting the invalidity of Ordinance 094-981 which undertook to change the zoning classification of the subject property.

Appellant's first issue relates entirely to Ordinance No. 094-981 which changed zoning. It will therefore not be discussed.

Appellant's Second Issue

Appellant's argument in support of this issue is directed solely at Ordinance No. 094-981 which changed zoning designation and which this Court has determined to be irrelevant to the determination of this appeal. Appellant's argument on this issue concludes as follows:

> Based upon its ruling that the requisite findings of fact were
> not made, the Chancery Court should have granted petitioners a
> declaratory judgment, declaring Ordinance 094-981 to be void
> and of no effect. Instead, in violation of the Tennessee
> Constitution, the Chancery Court directed the Gallatin City
> Council to make certain findings of fact while acting in its
> legislative capacity. . . . This is clear error for which the
> Chancery Court's opinion should be reversed.

In respect to Ordinance No. 094-980, the approval of the PUD, the actions were administrative, required findings of fact, and were reviewable by common law certiorari. *State, ex rel Spence v. Metropolitan Government, etc.,* Tenn. 1971, 469 S.W.2d 777.

In response to an order of the Trial Court, both the Planning Commission and the City Council filed written findings of fact. This satisfies lack of findings of fact in respect to Ordinance No. 094-980.

Appellant's third issue also relates only to Ordinance No. 094-981 which changed the zoning. For the reasons already stated, it need not be discussed.

Appellant's fourth issue complains that the plan of the PUD was approved without the certificate of a design professional as required by Section 81-103 of the Zoning Ordinance.

Section No. 81-102 of the Zoning Ordinance provides:

> No application for a <u>PUD zoning</u> shall be considered unless a
> master plan of the development meeting requirements set forth
> in Section 82-103.2 is submitted therewith. (Emphasis added)

The present controversy does not relate to an application for PUD zoning. That procedure took place in 1984, when the original Green Acres PUD was presented and approved. The original, 1984, application is not included in this record, so that it cannot be determined whether it bore the required certificate.

The present proceeding was for approval of an amendment of a previously existing (1984) PUD. The requirement for certification does not apply to an application for amendment of a pre-existing PUD. Nevertheless, the maps presented to the Commission and Council show plainly that they were prepared by professionals, even though they do not bear an express certificate to this effect.

The transcript of proceedings before the Commission contains ample testimony that necessary professionals were involved in planning the amendment.

Appellant's fifth issue complains of the denial of her motion to supplement the record with the minutes of the Commission and Council when their findings of fact were approved. Essentially, this is a complaint of the exclusion of evidence. The record contains no tender of the excluded evidence or of its contents. In the absence of an offer of evidence and preservation of it in the record, no error can be predicated upon its exclusion. *Cohen v. Cook,* 62 Tenn. App. 292, 462 S.W.2d 502, affd., 224 Tenn. 729, 462 S.W.2d 499.

Since the use of the subject property is strictly limited by the details of the planned unit development, it is difficult to conceive how the change of its zoning classification could enable its use outside the limits of the planned unit development. However, this court makes no determination of the validity of Ordinance No. 094-981 so that question may be open for decision in a case in which the validity of the ordinance is determinative.

The judgment of the Trial Court is modified to delete any determination of the validity of Ordinance No. 094-981. As modified, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for any necessary further proceedings.

Modified, Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE