IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2011 Session

# ELLIOT H. HIMMELFARB, M.D. ET AL. v. TRACY R. ALLAIN

**Appeal from the Circuit Court for Williamson County**
**No. 07454      Robbie T. Beal, Judge**

---

**No. M2010-02401-COA-R10-CV - Filed June 9, 2011**

---

Two physicians filed this malicious prosecution action against a former patient after she voluntarily dismissed, without prejudice, a medical malpractice action she filed against them. The defendant, the former patient, moved for summary judgment asserting that the plaintiffs could not prove the essential elements of a malicious prosecution claim:  that the medical malpractice suit was brought without probable cause, that it was brought with malice, and that it was terminated in the physicians' favor. The trial court denied the motion. We have determined that the issue of favorable termination in this case involves questions of fact and law, and that fact questions concerning the circumstances surrounding the voluntary dismissal without prejudice of the medical malpractice action are in dispute. We have also determined that there are genuine issues of material fact concerning the other essential elements. Therefore, the defendant's motion for summary judgment was properly denied.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Christopher Kim Thompson, Nashville, Tennessee, for the appellant, Tracy Allain.

M. Todd Sandahl, Franklin, Tennessee, for the appellees, Elliot Himmelfarb, M.D., Elliot Himmelfarb, M.D., P.A., and Douglas C. York, M.D.

## OPINION

The plaintiffs in this action are Douglas York, M.D. and Elliot Himmelfarb, M.D. The defendant is Ms. Tracy Allain, a former patient of Drs. York and Himmelfarb. The genesis of the parties' relationship occurred in December of 2004 when Dr. York, a surgeon, placed a port-a-cath inside Ms. Allain to facilitate intravenous access for treatment of her chronic

pancreatitis. The procedure was successful and uneventful. A post-operative x-ray was taken, which was interpreted by Dr. Himmelfarb. All of this occurred at Williamson County Medical Center.

In April of 2005, Ms. Allain was admitted to Vanderbilt University Medical Center ("VUMC") for placement of a new port-a-cath. On April 12, 2005, while still in VUMC, Ms. Allain was informed by a physician that a guidewire was found in a vein leading to her heart, which apparently had not been removed during a previous procedure. Ms. Allain states that the Vanderbilt physician also advised her that the guidewire was "likely" placed there while she was a patient at Williamson County Medical Center ("WCMC") in December of 2004.

On April 10, 2006, Ms. Allain filed a medical malpractice action against Dr. York, Dr. Himmelfarb, and WCMC alleging that they were responsible for leaving the guidewire in her vein. Each of the defendants filed separate answers denying any liability and denying being responsible for the guidewire that was found while Ms. Allain was at VUMC.

Three months later, on July 14, 2006, Ms. Allain filed a notice of voluntarily non-suit of her medical malpractice action against Dr. York, Dr. Himmelfarb, and WCMC. An order dismissing the action without prejudice was entered on July 17, 2006. Prior to dismissing the Williamson County action against Dr. York, Dr. Himmelfarb, and WCMC, Ms. Allain filed a similar medical malpractice action in Davidson County Circuit Court asserting that VUMC and its physicians were responsible for leaving the guidewire in her vein. Soon thereafter, Ms. Allain's medical malpractice claim against VUMC was compromised and settled.

On July 17, 2007, Dr. Himmelfarb and Dr. York, assuming the new role as plaintiffs, filed this action asserting claims for malicious prosecution and abuse of process against Ms. Allain.[1] Ms. Allain filed an answer, and later filed a motion for summary judgment claiming that she was entitled to judgment as a matter of law because the plaintiffs were unable to demonstrate essential elements of their abuse of process and malicious prosecution claims. Following a hearing on August 23, 2010, the trial court denied summary judgment on the malicious prosecution claim. The court held that there were disputed issues of material fact relating to probable cause and malice on the malicious prosecution claim. The court further held that the element of favorable termination in the malicious prosecution claim, was a question of fact not law, and found that the voluntary nonsuit was a favorable termination for the plaintiffs. For reasons unexplained by the record, the trial court did not rule on the abuse of process claim. Ms. Allain filed a motion for interlocutory appeal pursuant to Tenn. R. App. P. 9, which the trial court denied. Ms. Allain then filed a timely petition for appeal pursuant to Tenn. R. App. P. 10, which this court granted.

---

[1]WCMC is not a party to this action against Ms. Allain.

## ANALYSIS

Ms. Allain contends that the trial court erred in denying her motion for summary judgment. She insists the defendants are unable to demonstrate the essential elements of the malicious prosecution claim, and, therefore she is entitled to judgment as a matter of law. She also contends that the trial court erred in failing to address her motion as it pertained to the abuse of process claim.

### I.
### STANDARD OF REVIEW

This appeal arises from the denial of summary judgment. Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). It is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001). It is not appropriate when genuine disputes regarding material facts exist. *See* Tenn. R. Civ. P. 56.04. The party seeking summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the nonmoving party's claim *or* show that the moving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment de novo with no presumption of correctness. *Martin v. Norfolk Southern Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008) The appellate court makes a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977). As does the trial court, the appellate court considers the evidence in the light most favorable to the nonmoving party and resolve all inferences in that party's favor. *Martin,* 271 S.W.3d at 84; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, the appellate court first determines whether factual disputes exist. If a factual dispute exists, the court then determines whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn.1993).

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party makes a properly supported motion, then the nonmoving party is required to establish the existence of the essential elements of the claim. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. If, however, the moving party does not properly support the motion, then the nonmoving party's burden to produce either supporting affidavits or discovery is relieved and the motion must fail. *McCarley*, 960 S.W.2d at 588; *Martin,* 271 S.W.3d at 83.

To make this showing and shift the burden of production, a moving party may: 1) affirmatively negate an essential element of the nonmoving party's claim; or 2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd*, 847 S.W.2d at 215 n.5. Whichever approach the moving party takes, both require more than assertions of the nonmoving party's lack of evidence. *Martin*, 271 S.W.3d at 83-84. In addition, the moving party must present evidence that more than "raises doubts" about the ability of the nonmoving party to prove its claim at trial. *Id.* at 84. The moving party must produce evidence or refer to previously submitted evidence. *Id.*; *accord Hannan*, 270 S.W.3d at 5. Thus, to negate an essential element of a claim, a moving party must refer to evidence that tends to disprove an essential element of the claim made by the nonmoving party. *Martin*, 271 S.W.3d at 84.

Ms. Allain, as the moving party, had the burden to *negate* an essential element of the plaintiffs' claim of malicious prosecution *or* establish that the plaintiffs *cannot prove* an essential element of the claims at trial. *See Martin*, 271 S.W.3d at 83 (citing *Hannan*, 270 S.W.3d at 5; *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5). Therefore, Ms. Allain was required to shift the burden of production to plaintiffs by either affirmatively negating an essential element of their claim or showing that they could not prove an essential element of their claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan*, 270 S.W.3d at 8-9; *McCarley*, 960 S.W.2d at 588.

## II.
### MALICIOUS PROSECUTION CLAIM

There are three essential elements to a malicious prosecution claim: (1) that a prior

lawsuit or judicial proceeding was brought against the plaintiff without probable cause, (2) that the prior lawsuit or judicial proceeding was brought against the plaintiff with malice, and (3) that the prior lawsuit or judicial proceeding terminated in the plaintiff's favor. *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005) (citing *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992); *Roberts v. Fed. Express Corp.*, 842 S.W.2d 246, 248 (Tenn. 1992)).

The trial court held that the first two elements, whether there was probable cause and whether there was malice, are questions of law and that enough disputed facts existed on these two issues for the matter to be tried. On the last element, whether the underlying lawsuit resulted in a favorable termination to Doctors York and Himmelfarb, the trial court held that this was a question of fact that required an examination of not only the order dismissing the action, but also the surrounding facts and circumstances. The trial court then held that Ms. Allain's voluntary nonsuit, without prejudice, of the medical malpractice action was a favorable termination for the plaintiffs. For the above reasons, the trial court denied Ms. Allain's motion for summary judgment as to the malicious prosecution claim. We have determined the trial court was correct in denying Ms. Allain's motion for summary judgment but for different reasons, which we explain below.

The first element of a malicious prosecution claim is that the prior lawsuit was filed without probable cause. The probable cause element in a malicious prosecution action exists when there are "such facts and circumstances sufficient to create in a reasonable mind the belief that the accused is guilty of the crime charged." *Leland v. Louisville Ladder Group LLC*, No. M2006-02109-COA-R3-CV, 2007 WL 4440923, at *4 (Tenn. Ct. App. Dec. 5, 2007) (quoting *Roberts v. Federal Express Corp.*, 842 S.W.2d 246, 248 (Tenn. 1992)). Probable cause is to be determined "solely from an objective examination of the surrounding facts and circumstances." *Id.* (citing *Roberts*, 842 S.W.2d at 248). "The determination of the reasonableness of a defendant's conduct [in a malicious prosecution action] should be made by a jury." *Roberts*, 842 S.W.2d at 248-49.

Ms. Allain argues that Drs. "York and Himmelfarb cannot point to any material fact which would show Allain did not have reason or probable cause to file the underlying complaint in view of the information she had before her and at the time the suit was filed." The facts, however, demonstrate that Dr. York told Ms. Allain prior to the filing of the lawsuit that he was not at fault for leaving the guidewire in and claimed that an x-ray taken following the procedure he performed demonstrated this fact. Further, Dr. York claims that a reasonable investigation prior to the filing of the lawsuit would have revealed he was not the proper party. Conversely, Ms. Allain contends that the x-ray was blurry and did not clearly indicate that the guidewire was not present following the procedure. Our Supreme Court has clearly stated that the reasonableness of the defendant's conduct in the underlying action must be determined by a jury, if reasonable minds may differ on the issue. *See*

*Roberts*, 842 S.W.2d at 248-49.[2] The parties have identified facts in the record to dispute whether it was reasonable for Ms. Allain to have filed the medical malpractice action against Drs. York and Himmelfarb. Based upon these facts, we believe reasonable minds may differ on the issue of probable cause. Therefore, Ms. Allain is not entitled to summary judgment on this issue.

The second element of a malicious prosecution claim is that the underlying lawsuit was brought with malice. Ms. Allain contends that plaintiffs "have presented no proof beyond the allegations of their complaint that [she] filed the underlying claim with malice or in the absence of good faith." Again, we believe Ms. Allain misunderstands her burden as the moving party on summary judgment. As the moving party, it is her burden to either negate this element of the plaintiffs' malicious prosecution claim or demonstrate that they cannot prove the element at trial. *Hannan*, 270 S.W.3d at 5. In addition, Ms. Allain as the moving party must present evidence that more than "raises doubts" about the ability of the nonmoving parties, Drs. York and Himmelfarb, to prove their claim, or this essential element, at trial. *See Martin*, 271 S.W.3d at 84.

We previously determined that the issue of probable cause was not negated for the purpose of summary judgment. This is significant because should the jury find that Ms. Allain lacked probable cause to file the underlying lawsuit, this finding may give rise to an inference of malice. *Sullivan v. Young*, 678 S.W.2d 906, 911 (Tenn. Ct. App. 1984). "The inference is not one of law but is a presumption of fact which may be rebutted, thus making malice an issue to be decided by the jury where a criminal prosecution is instituted without probable cause." *Id.* (quoting *Lewis*, 618 S.W.2d at 303). For the reasons stated above, we have determined that Ms. Allain did not negate the essential element of malice and she did not demonstrate that the plaintiffs could not demonstrate this element at trial. Therefore, Ms.

---

[2]The trial court found this issue was a matter of "law." While that was once correct, since *Roberts* it is a matter of "fact," as this court noted in *Swindle v. Krystal Co.*:

> Until the *Roberts* decision, *Tennessee courts have always considered probable cause to be a question of law. See Logan,* 676 S.W.2d at 951; *Cohen v. Cook,* 224 Tenn. 729, 731, 462 S.W.2d 499, 500 (1970); *Memphis Gayoso Gas Co. v. Williamson,* 56 Tenn. 314, 343 (1872). However, in *Roberts the Supreme Court reasoned that the probable cause determination, the conduct of a reasonable man under the circumstances, is in essence no different than the determination of negligence. Roberts,* 842 S.W.2d at 248. Thus, the Court held that "where reasonable minds can differ as to the existence of probable cause a jury is to decide the issue." *Id.* at 249.

*Swindle*, No. 02A01-9406-CV-00136, 1995 WL 262419, at *2 (Tenn. Ct. App. May 8, 1995)(emphasis added).

-6-

Allain has not established that she is entitled to summary judgment on the issue of malice.

As for the third essential element, favorable termination, Ms. Allain contends that the trial court erred in finding that her voluntary nonsuit, without prejudice, constituted a favorable termination for the plaintiffs. She also contends the trial court erred in holding that the issue of favorable termination was a question of fact; she insists it is a question of law.

The Tennessee Supreme Court thoroughly analyzed this issue in *Parrish v. Marquis*, 172 S.W.3d 526 (Tenn. 2005).[3] The Court first looked to its decision in *Christian v. Lapidus*, 833 S.W.2d 71 (Tenn. 1992), in which it held that abandonment of a civil lawsuit may constitute a final and favorable termination for a malicious prosecution action '"so long as such abandonment or withdrawal was not accompanied by a compromise or settlement, or accomplished in order to refile the action in another forum."' *Id*. at 530 (quoting *Christian*, 833 S.W.2d at 74). The Court noted that the holding in *Christian* "did not require the plaintiff in the malicious prosecution action to establish a 'final judgment on the merits' or 'an inference of innocence' in addition to the abandonment of the lawsuit," stating further that the ruling in *Christian* was limited to the procedural context of that case, i.e., the abandonment of a lawsuit. *Id*. (quoting *Christian*, 833 S.W.2d at 74). The Court then reasoned that other procedural dispositions may constitute a favorable termination, stating:

> [A] leading treatise states that "the termination must not only be favorable [to the defendant in the underlying proceeding], *but must also reflect the merits and not merely a procedural victory*." W. Page Keeton et al., *Prosser and Keeton on The Law of Torts*, § 119 (5th ed. 1984) ("Prosser"); *see also Foshee v. So. Fin. & Thrift Corp.*, 967 S.W.2d 817, 819-20 (Tenn. Ct. App. 1997) (citing Prosser). The vast majority of state jurisdictions follow this rule in cases where, as in the present case, the underlying proceeding was a civil matter. *See* Vitauts M. Gulbis, Annotation, *Nature of Termination of Civil Action Required to Satisfy Element of Favorable Termination to Support Action for Malicious Prosecution*, 30 A.L.R.4th 572 (1984 & Supp. 2005).

*Parrish*, 172 S.W.3d at 531 (emphasis added). Furthermore, the Court stated that when determining "whether a specific result was a favorable termination, *a court must examine the circumstances of the underlying proceeding*." *Id*. (citing *Siliski v. Allstate Ins. Co.*, 811 A.2d 148, 151 (2002) (citing Restatement (Second) of Torts, § 674, cmt. j (1977))) (emphasis

---

[3]In *Parrish*, the specific issue was whether a dismissal of an underlying action based on the statute of limitations and standing constituted a final and favorable termination for a subsequent malicious prosecution action. *Id*. at 528.

added).[4] In this regard, the Court noted:

> If a court concludes that "the termination does not relate to the merits –
> reflecting on neither innocence of nor responsibility for the alleged misconduct
> – the termination is not favorable in the sense that it would support a
> subsequent action for malicious prosecution." *Lackner,* 159 Cal. Rptr. 693,
> 602 P.2d at 395. As the Supreme Court of Vermont has further explained:
>
> > [I]f the manner of termination, including dismissal, reflects
> > negatively on the merits of the case, it will be considered
> > favorable to the defendant. . . . More specifically, if the
> > dismissal somehow indicates that the defendant is innocent of
> > wrongdoing, it will be considered a favorable termination. . . .
> > On the other hand, if the reason for dismissal is "not
> > inconsistent" with a defendant's wrongdoing, it will not be
> > considered a favorable termination. . . . If the circumstances
> > surrounding dismissal are ambiguous on this point, the
> > determination should be left for trial.

*Parrish*, 172 S.W.3d at 531 (quoting *Siliski*, 811 A.2d at 151–52; citing *Union Oil of Calif.
Amsco Div. v. Watson*, 468 So.2d 349, 353–54 (Fla. Dist. Ct. App.1985)).

Based upon the above analysis, our Supreme Court held that the issue of favorable
termination may involve both questions of fact and law. Therefore, in the context of a motion
for summary judgment, if the surrounding circumstances of the termination of the underlying
action are disputed, meaning that material facts relevant to that issue are in dispute, then the
issue should be left for trial. *See id*. However, if the surrounding circumstances of the
termination of the underlying action are not in dispute, then it is a question of law, which the
trial court may decide on summary judgment. *Id*. This is also the approach adopted by the
Restatement (Second) of Torts § 681(B), which states that in an action for wrongful civil
proceedings, the court determines whether "the proceeding was terminated in favor of the
plaintiff," but the jury determines "the circumstances under which the proceedings were
terminated."

---

[4]In *Siliski*, the Vermont Supreme Court held that a voluntary dismissal without prejudice did not
constitute a favorable termination on the merits, because, after examining the surrounding circumstances,
it was determined that the action was dismissed due to a potential conflict that arose with the defendant's
representation, and thus, the dismissal was taken to "preserve [the defendant's] ability to reinstate the claim
should she find substitute counsel," and thus did not reflect on the merits. *Siliski*, 811 A.2d at 152.

We acknowledge Ms. Allain's reliance on this court's ruling in *Lane v. Becker*, 334 S.W.3d 756 (Tenn. Ct. App. 2010), to assert that a procedural disposition does not constitute a favorable termination. As she states, *Lane* held that a Tenn. R. Civ. P. 41.01 voluntary dismissal of the underlying case was not a favorable termination because "it was a voluntary dismissal on procedural grounds and *the order did not 'reflect on the merits'* of the underlying defamation case." *Id*. at 761 (emphasis added). We have determined her reliance on *Lane* is misplaced.

The decision in *Lane* was based on two principal factors, that the order dismissing the case without prejudice did not reflect on the merits of the underlying case and that the merits were never considered by the trial court. *Id*. at 761-62. The court's reliance on these two factors in *Lane* is clear from the following:

> The *order* of voluntary dismissal in the underlying action clearly *does not reflect on the merits* of the underlying case. *The order is procedural in nature and does not refer to* the elements of defamation, outrageous conduct, and civil conspiracy, or whether there was *proof to support the claims or no proof to support the claims. The merits of the claims were never considered by the trial court in the underlying case*. Lane has not established a favorable termination for purposes of the malicious prosecution claim. Because an essential element of the claim was negated, the trial court's dismissal of the malicious prosecution claim is affirmed.

*Id*. at 762 (emphasis added).

Although we are in agreement with *Lane,* to the extent that a dismissal of the underlying case on mere procedural grounds that does not "reflect on the merits" is not a favorable termination, *Parrish*, 172 S.W.3d at 531, we respectfully differ to the extent the conclusion in *Lane* was based on what is stated and what is not stated in "the order of voluntary dismissal" in the underlying case. As the quote from *Lane* in the paragraph above reveals, the conclusion that "Lane has not established a favorable termination for purposes of the malicious prosecution claim" was based on the following findings: (1) the "order of voluntary dismissal in the underlying action clearly does not reflect on the merits of the underlying case," (2) the "order is procedural in nature," (3) the order does not indicate "whether there was proof to support the claims or no proof to support the claims," and (4) "the merits of the claims were never considered by the trial court in the underlying case." *Lane*, 334 S.W.3d at 762. Our Supreme Court's ruling in *Parrish* is controlling on this issue and we do not read *Parrish* as requiring that *the order* dismissing the underlying case *be based on the merits* or that it *reflect on the merits*. Instead, as *Parrish* instructs, in the event the order dismissing the underlying case does not reveal whether termination was on the

merits or favorable to the former defendant (now plaintiff), we are to make further inquiries to ascertain the *reasons for* or the *circumstances surrounding* the termination.[5] *Parrish*, 172 S.W.3d at 531 (citing *Siliski*, 811 A.2d at 151) (citing Restatement (Second) of Torts, § 674, cmt. j)) (stating "[i]n determining whether a specific result was a favorable termination [particularly when the order does not state such], a court must examine the circumstances of the underlying proceeding").

Our reasoning is further influenced by the rationale for requiring a plaintiff to establish that termination of the underlying proceeding "was not simply based on mere technical or procedural grounds." *Id*. As our Supreme Court observed in *Parrish*:

> The rationale for requiring a plaintiff in a malicious prosecution action to establish that the favorable termination of the underlying proceeding was not simply based on mere technical or procedural grounds is
>
> > that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].
> > ....
> >
> > *It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must reflect on the merits of the underlying action.*
>
> *Lackner v. LaCroix*, 25 Cal.3d 747, 159 Cal.Rptr. 693, 602 P.2d 393, 394 (1979) (citations omitted) (emphasis added); *see also Frey v. Stoneman*, 150 Ariz. 106, 722 P.2d 274, 278 (1986) (favorable termination "indicates in some fashion that the accused is innocent of wrongdoing"); *Alcorn v. Gordon*, 762 S.W.2d 809, 812 (Ky. Ct. App. 1988) (favorable termination must reflect on the merits); *Palmer Dev. Corp. v. Gordon*, 723 A.2d 881, 884 (Me. 1999) (favorable termination must reflect on the merits); *Siliski v. Allstate Ins. Co.*,

---

[5]If the absence of a ruling by the trial court "on the merits" or "reflecting on the merits" were fatal to a malicious prosecution claim, then an examination of the circumstances surrounding termination of the underlying case would be superfluous and we do not believe that to be the case.

174 Vt. 200, 811 A.2d 148, 151 (2002) (favorable termination must relate "to the merits of the underlying suit or the circumstances surrounding the dismissal").

*Parrish*, 172 S.W.3d at 531.

As the authorities clearly state, it is *not* essential that the underlying action was favorably terminated following a trial on the merits. *Id.* at 531 (quoting *Lackner*, 602 P.2d at 394). Instead, termination must either *reflect* on the merits of the underlying action, *relate* to the merits of the underlying case or the circumstances surrounding its dismissal, or *indicate* that the accused is innocent of the alleged wrongdoing. *Id.* (citing *Alcorn*, 762 S.W.2d at 812; *Siliski,* 811 A.2d at 151; *Frey*, 722 P.2d at 278).

For the reasons stated above, we find Ms. Allain's reliance on *Lane* misplaced. We also find that the trial court correctly found that Ms. Allain failed to demonstrate that Drs. York and Himmelfarb could not establish the element of favorable termination. In Ms. Allain's affidavit, which she submitted in support of her motion for summary judgment, she stated:

> 20. In late June of 2006, Mr. Thompson [her attorney] informed me that John McCauley from Vanderbilt University Medical Center informed him that it may have been Vanderbilt University's medical personnel who left the guide wire in my body.
>
> 21. Mr. Thompson advised me that if he could get confirmation of this new information that he would dismiss Dr. York and the other defendants from the Williamson County lawsuit.
>
> 23. As soon as I learned from Mr. Thompson that the wire may not have come from the act of Dr. York in 2004 and others, I agreed with Mr. Thompson's advice to dismiss all the defendants as soon as possible.
>
> 25. As soon as Mr. Thompson confirmed the wire was more likely left in by doctors and medical personnel at Vanderbilt University Medical Center we dismissed those claims against Dr. York and others in July of 2006.

The above testimony, which is undisputed, establishes that Ms. Allain voluntarily dismissed the medical malpractice action against Drs. York and Himmelfarb when she determined that doctors at VUMC were at fault for leaving the guidewire in her vein, not Drs. York and Himmelfarb. Moreover, this evidence "reflects negatively on the merits" of Ms.

Allain's previous case against Drs. York and Himmelfarb; thus, it "will be considered favorable" to them as noted in *Parrish. Id.* at 531 (quoting *Siliski*, 811 A.2d at 151-52). Moreover, this evidence indicates that Drs. York and Himmelfarb are innocent of the alleged wrongdoing – leaving a guidewire in Ms. Allain's vein; thus, "it will be considered a favorable termination." *Id*.

For the above reasons, we affirm, although on different grounds, the trial court's determination that Ms. Allain was not entitled to summary judgment on the malicious prosecution claim.

### III.
### ABUSE OF PROCESS CLAIM

Ms. Allain also contends the trial court erred in failing to address her motion for summary judgment as to the abuse of process claim. While the trial court did not make a ruling on the abuse of process claim, we find no error with this in that this appeal is not from a final judgment; this case is before this court pursuant to a Tenn. R. App. P. 10 interlocutory appeal, which is not a matter of right. Moreover, we are remanding the case to the trial court for further proceedings. Thus, on remand, the trial court may rule on Ms. Allain's previous motion concerning the abuse of process claim as well as any other motions or issues the parties may raise as this case proceeds in the trial court.

### IN CONCLUSION

The judgment of the trial court is affirmed and this matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed against Tracy Allain, Appellant.

_____
FRANK G. CLEMENT, JR., JUDGE

-12-