IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 14, 2009 Session

## JACK LANE v. JERROLD L. BECKER, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-16142     W. Dale Young, Judge**

_____

**No. E2008-02776-COA-R3-CV  - FILED FEBRUARY 25, 2010**
_____

Plaintiff brought claims of malicious prosecution, outrageous conduct, civil conspiracy, punitive damages, and respondeat superior against defendants for filing a lawsuit against him, on behalf of their clients.  The trial court dismissed all the claims.  We affirm.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J.,  joined.

David B. Hamilton and William P. Price, III, Knoxville, Tennessee, for the Appellant, Jack Lane.

Darryl G. Lowe, Knoxville, Tennessee, for the Appellees, Jerrold L. Becker and Becker, Fleishman & Knight, P.C.

Ann Gerber, Avon Lake, Ohio, pro se.

Judy Sloan, Alcoa, Tennessee, pro se.

**OPINION**

**I.  BACKGROUND**

The appellant, Jack Lane ("Lane"), allegedly witnessed certain acts of the appellees, Ann (Russell) Gerber and Judy Sloan ("Clients"), and signed a statement in April 2004, describing the alleged acts for the purpose of assisting Client Gerber's then husband in a divorce action.[1] Lane's written statement surfaced during discovery in the underlying defamation case[2] and he was deposed on January 31, 2006. Subsequent to the deposition, Lane was named a defendant in the defamation case filed on behalf of Clients by their attorney, appellee Jerrold L. Becker ("Attorney Becker"), and the appellee law firm of Becker, Fleishman & Knight, P.C. ("Firm") (collectively "Appellees").

As a named defendant, Lane was alleged to have disseminated false statements about the Clients, who, at that time, were teachers in the Blount County School System. Lane's alleged false statements were that the Clients engaged, inter alia, in various public sexual improprieties, public drunkenness, public nudity, and allegations accusing one of the Clients of statutory rape of a former student. Clients signed the verified complaint under oath.

After Lane filed a motion to dismiss the action against him, Appellees tendered an order of voluntary nonsuit regarding Lane. An order of dismissal with prejudice was entered by the trial court on March 23, 2007.

The complaint in the instant cause was initiated on March 24, 2008, primarily alleging malicious prosecution, outrageous conduct, and civil conspiracy. The gravamen of Lane's complaint, in essence, is that Attorney Becker deposed Lane and treated him as a hostile witness, suit was then filed against Lane for participating in the defamation of Clients, but shortly thereafter Appellees dismissed the suit against Lane with prejudice.

A hearing was held on June 19, 2008, upon a Rule 12.02(6) motion to dismiss filed by Attorney Becker and Firm. Clients did not have their motions to dismiss heard at that time. On the morning of the hearing, Lane filed a motion to strike. Counsel for Lane argued orally as follows:

> Mr. Becker at the time of the filing had to make allegations that Mr. Lane knew of the falsity of the statements of which he said or participated in or had reasonable suspicion that those statements were untrue. There was no such evidence whatsoever. So when the filing of the case was done against Mr. Lane after the deposition, after opportunity to do discovery, after due

---

[1] *Russell v. Russell*, Blount General Sessions Court, No. 5-10839.

[2] *Ann Russell and Judy Sloan v. Marilyn Willocks Jeffries, John Doe and Mary Doe*, Blount Circuit Court, No. L-14550.

diligence, three and a half years into the case or so, there was no probable cause for the filing. Malice does not have to be shown with particularity. The standard is that there be a mere averment, and it is within the pleading.

In fact, within the pleading, the amended complaint, are numerous instances of wrongful conduct which indicate an ill will on the part of Mr. Becker personally. I'm quoting. This is what was in the transcript. "I just want to tell you, Mr. Lane, that I'm going to amend my complaint, and I'm going to throw you in as a defendant too because I think you ought to pay. So you will be served as a defendant. I just want you to know that." And, according to the pleading, [Attorney Becker] was spitting in [Lane's] face when he was doing it.

. . . Before the Court is the malicious prosecution. The timing of whether or not a malicious prosecution case has been ultimately brought appropriately accrues when it is finally terminated in the defendant's favor.

* * *

In this case, it's uncontested that March 23rd was when the final order terminating the case was actually entered. That's when finality existed. . . .

* * *

The amended complaint . . . aver[s] that . . . Mr. Becker and his co-conspirators filed the complaint against Mr. Lane when he had to have known, must have known, should have known that there is no cause of action ever that could be pled [. . . ] was for the purpose of intimidating witnesses.

. . . It cannot be the law in the State of Tennessee that a malicious prosecution case would not rise or exist if an attorney files a cause of action to any party where he has actual knowledge that there will not lie a claim, has had ample opportunity [to do discovery], and there's an averment of personal ill will, an averment of intent to intimidate, and then allow dismissal . . . protecting and cloaking [the attorney] with the authority to file a lawsuit against anyone willy-nilly and not be subject to personal liability. That is not the law.

. . . Mr. Becker cannot rely upon the verified complaint at the time of the filing against Mr. Lane, cannot claim that he was relying only on those statements, because he had actual knowledge, took the deposition of Mr. Lane, had taken

-3-

dozens of depositions in the underlying case, and knew there was no evidence to refute Mr. Lane's position that he had told the truth.

And the actual malice standard, which he had to have known, required that he would prove that Mr. Lane actually know that what was said was false and lying, perjurious. There was no evidence.

So it cannot be the law in the State of Tennessee . . . that an attorney can file a lawsuit against any private individual in an attempt to silence them or dissuade them from being witnesses in an attempt to obtain some litigation advantage and then allow a dismissal to go down to protect him for any liability for the malicious prosecution of innocent persons.

* * *

Counsel for Attorney Becker and Firm responded that one "cannot proceed in a malicious prosecution case under the authority of the Tennessee Supreme Court without a favorable termination of the underlying case on merits."

At the conclusion of the hearing, the trial court announced the dismissal of the case from the bench. However, no order was entered at that time. Subsequent to the hearing, on June 26, 2008, Attorney Becker's counsel filed a second amended motion to dismiss in order to cure any possible objection based on specificity of grounds. Another hearing was held on July 30, 2008, at which time the trial court entered an order denying Lane's motions to strike and granting the motions to dismiss of all the Appellees as follows:

1. The malicious prosecution claim was dismissed because there was no favorable termination of the underlying case on the merits;

2. The outrageous conduct claim was dismissed because the conduct of Appellees was not extreme, outrageous, or beyond all bounds of decency;

3. The civil conspiracy claim was dismissed because there was no allegation of an unlawful act or a lawful act done by unlawful means;

4. The punitive damages claim was dismissed because the conduct alleged was not reprehensible or egregious enough to allow for recovery of punitive damages;

-4-

5.  The respondeat superior claim was dismissed as a derivative theory that could not survive the dismissal of Lane's other legal theories;

6.  The allegations of the amended complaint are barred by the one-year statute of limitations.

Lane filed a timely appeal.

## II.  ISSUES

The issues raised on appeal as restated by us are as follows:

Whether the trial court erred in dismissing all of the legal theories raised by the plaintiff Lane's complaint?

## III.  STANDARD OF REVIEW

The determination of whether the trial court has erred in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is purely a question of law. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).  A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and , therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999).  In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First Am. Nat'l Bank*, 937 S.W.2d 838, 840 (Tenn. 1996).  It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999).

## IV.  DISCUSSION

### A.  Malicious Prosecution

To prevail in a claim for malicious prosecution, "[a] plaintiff must show (a) that a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause, (b) that the prior lawsuit or judicial proceeding was brought against the plaintiff with malice, and (c) that the prior lawsuit or judicial proceeding terminated in the plaintiff's favor." *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005) (citing *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992)).

Lane claims malicious prosecution because of the filing of the underlying defamation action against him. He asserts the defamation claim was filed with malice, with an improper purpose, without probable cause, and that it was "finally determined in the plaintiff's favor." He notes that within two months of the filing of the underlying case against him, Appellees tendered an order of voluntary dismissal to the clerk.

Appellees rely on the holding in *Parrish v. Marquis*, 172 S.W.3d 526 (Tenn. 2005), for the proposition that a dismissal of the underlying action on procedural grounds that does not reflect on the merits of the underlying action is not a favorable termination. In *Parrish*, the Tennessee Supreme Court reconsidered its prior finding in *Christian v. Lapidus*, 833 S.W.2d 71 (Tenn. 1992), and held:

> We are persuaded by our examination of the decisions of other states and other authority that the almost universal rule is that a dismissal of a complaint on procedural grounds that do[es] not reflect on the merits is not a "favorable termination" for a malicious prosecution cause of action. . . .

*Id.* at 532. The instant case was dismissed pursuant to Rule 41.01; it was a voluntary dismissal on procedural grounds and the order did not "reflect on the merits" of the underlying defamation case.

Lane relies on *Christian,* contending that *Christian* is controlling despite the fact that the *Parrish* court clearly requires that abandonment of the underlying case is not now sufficient to establish favorable termination for purposes of malicious prosecution.

In *Roberts v. Champs-Elysees, Inc.*, No. M2008-01577-COA-R3-CV, 2009 WL 1507670 (Tenn. Ct. App. M.S., May 28, 2009), this court discussed the effect of the *Parrish* ruling on the *Christian* ruling. The opinion provides that

> *Parrish* clearly established the termination of an action in favor of a party, sufficient to sustain a subsequent malicious prosecution action brought by that party, must be more than a mere procedural disposition of the action, but must in some manner "reflect on the merits" of the action.

2009 WL 157670, at *5.

To define "favorable termination," the Tennessee Supreme Court in *Parrish* relied on an opinion from the Supreme Court of Vermont:

> [I]f the manner of termination, including dismissal, reflects negatively on the merits of the case, it will be considered favorable to the defendant. . . . More specifically, if the dismissal somehow indicates that the defendant is innocent of wrongdoing, it will be considered a favorable termination. . . . On the other hand, if the reason for dismissal is "not inconsistent" with a defendant's wrongdoing, it will not be considered a favorable termination. . . . If the circumstances surrounding dismissal are ambiguous on this point, the determination should be left for trial.

*Parrish*, 172 S.W.3d at 531 (quoting *Siliski v. Allstate Ins. Co.*, 811 A.2d 148, 151-52 (Vt. 2002) (citations omitted). *see also Sewell v. Par Cable, Inc.*, 1988 WL 112915, at *3 (Tenn. Ct. App. M.S., Oct. 26, 1988) (holding that "[f]or the purposes of a malicious prosecution action, a favorable termination must be one indicating that the accused is innocent. . . . A disposition that does not indicate the plaintiff's innocence is not considered a favorable termination. . . .") (citations omitted).

The order of voluntary dismissal in the underlying action clearly does not reflect on the merits of the underlying case. The order is procedural in nature and does not refer to the elements of defamation, outrageous conduct, and civil conspiracy, or whether there was proof to support the claims or no proof to support the claims. The merits of the claims were never considered by the trial court in the underlying case. Lane has not established a favorable termination for purposes of the malicious prosecution claim. Because an essential element of the claim was negated, the trial court's dismissal of the malicious prosecution claim is affirmed.

### B. Intentional Infliction of Emotional Distress or Outrageous Conduct[3]

Under Tennessee law, there are three elements of a claim for intentional infliction of emotional distress:

---

[3]Intentional infliction of emotional distress and outrageous conduct are different names for the same tort. *See Bain v. Wells*, 936 S.W.2d 618, 622 n. 3 (Tenn. 1997) ("Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action."). *See Lyons v. Farmers Ins. Exchange*, 26 S.W.3d 888, 893 (Tenn. Ct. App. 2000).

1. The conduct complained of must be intentional or reckless.

2. The conduct must be so outrageous that it is not tolerated by a civilized society.

3. The conduct complained of must result in serious mental injury.

*Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In *Bain*, the Tennessee Supreme Court held that it is not an easy burden to meet the essential elements of outrageous conduct and stated that it "has adopted and applied the high threshold standard described in the Restatement (Second) of Torts." *Id.* at 622.

Restatement (Second) of Torts, § 46, comment d (1965), states in pertinent part:

The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Bain*, 936 S.W.2d at 623.

Outrageous conduct does not include "mere insults, indignities, threats, annoyances, petty oppression or other trivialities." *Levy v. Franks*, 159 S.W.3d 66, 83 (Tenn. Ct. App. 2004); *Arnett v. Domino's Pizza I, LLC*, 124 S.W.3d 529, 539 (Tenn. Ct. App. 2003) (quoting *Bain*, 936 S.W.2d at 622). A plaintiff seeking damages for intentional infliction of emotional distress must meet an "exacting standard." *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999). "Recovery for intentional infliction of emotional distress is limited to mental injury which is so severe that no reasonable person would be expected to endure it." *Arnett*, 124 S.W.3d at 540.

It is for the trial court to determine, in the first instance, whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.

Restatement (Second) of Torts, § 46, comment h. Thus, the trial court may reasonably dismiss this legal theory as a matter of law.

Even though the taking of the deposition and the filing of the lawsuit against him may have caused some level of emotional distress to Lane, the conduct did not rise to the level of "outrageous conduct"; the conduct must be atrocious. Therefore, Lane's complaint failed to state a claim for intentional infliction of emotional distress as a matter of law. The trial court's dismissal of the outrageous conduct claim is affirmed.

## C. Civil Conspiracy

"An actionable civil conspiracy is a combination of two or more persons who, each having the intent and knowledge of the other's intent, accomplish by concert an unlawful purpose, or accomplish a lawful purpose by unlawful means, which results in damage to the plaintiff." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002). Conspiracy claims must be pled with some degree of specificity. *McGee v. Best*, 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002). Conclusory allegations unsupported by material facts will not be sufficient to state such a claim. *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006).

A claim for civil conspiracy "requires an underlying predicate tort allegedly committed pursuant to the conspiracy." *Watson's Carpet & Floor Coverings, Inc. v. McCormick*, 247 S.W.3d 169, 180 (Tenn. Ct. App. 2007). Conspiracy, standing alone, is not actionable where the underlying tort is not actionable. *Id.* at 179-80.

Lane's legal theory is based only on the taking of a deposition and the filing of a verified complaint. The underlying torts allegedly committed by Appellees – malicious prosecution and outrageous conduct – are not actionable and cannot be the basis for a conspiracy claim. Because the claims underlying the allegations for civil conspiracy fail, the conspiracy claim must also fail. *See Levy v. Franks*, 159 S.W.3d 66, 82 (Tenn. Ct. App. 2004).

## D. Punitive Damages

A court may award punitive damages only if it finds that a defendant has acted either intentionally, fraudulently, maliciously, or recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). A person acts intentionally so as to support an award of punitive damages when it is the person's conscious objective or desire to engage in conduct

or cause the result. *Id.* A person acts fraudulently when he or she intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain undue advantage, and that others are injured because of reasonable reliance upon that representation. *Id.* A person acts maliciously when he or she is motivated by ill-will, hatred, or personal spite. *Id.* A person acts recklessly so as to support an award of punitive damages when the person is aware of, but consciously disregards, substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. *Id.* Punitive damages may be awarded only in cases involving the "most egregious of wrongs." *Id.* The Supreme Court noted that "by thus restricting the availability of punitive damages, we seek to avoid dulling the potentially keen edge of the doctrine as an effective deterrent of truly reprehensible conduct." *Id.*

Lane's conclusory allegations that Attorney Becker acted intentionally and recklessly in filing a verified complaint for defamation against him does not change the fact that only two specific acts were alleged, neither of which are egregious or reprehensible. Further, Lane's conclusory allegation that Appellees' goal was to "begin a campaign of unlawful harassment and intimidation" does not make a factual statement of a specific act that could support this legal theory. Thus, Lane failed to state a cause of action that would entitle recovery of punitive damages.

## E. Respondeat Superior

While Appellees agree that any act or omission on the part of Becker, as an attorney, by way of professional negligence or otherwise actionable claim, would result in the derivative liability of his law firm, Lane has failed to state a claim upon which relief may be granted as to Attorney Becker. As a result, there is no basis for alleging the derivative or vicarious liability of his law firm.

## F. Miscellaneous

Lane argues that the trial court should have allowed him to amend his amended complaint to make a more definite statement instead of dismissing his claims. Appellees counter that Lane had ample opportunity, in the face of a Rule 12 motion to move to amend his pleadings, rather than waiting until after the trial court dismissed the amended complaint.

By waiting until the case is on appeal to assert that the trial court should have allowed him to amend his complaint, rather than dismiss his complaint, Lane has waived this issue. A party waives an issue when it raises it for the first time on appeal. *Campbell County Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457 (Tenn. Ct. App. 1984). We note that even if Lane filed a motion to amend to make a more definite statement, he still could not allege facts construing the voluntary dismissal as a favorable termination to support the malicious prosecution claim. Also, Tenn. Code Ann. § 28-3-104 (2000), provides one year as the applicable statute of limitations for the claims raised in this matter. The conduct about which Lane complains – the taking of his deposition and the filing of the verified complaint against him – occurred well over a year prior to the filing of the lawsuit in this case.

Lane also procedurally challenges the trial court's rulings on the motions to dismiss. He contends that the trial court abused its discretion in considering the second amended motion to dismiss. In response, Appellees assert that at the time of the hearing on the second amended motion to dismiss, the trial court's prior ruling of dismissal, which had not been reduced to an order entered on the minutes of the court, was interlocutory. As a result, Appellees contend that Rule 54.02 makes the court's first ruling subject to revision at the time of the second hearing.

Rule 54.02 provides that a trial judge may revise his order any time up until the time there is entry of a final judgment:

> When more than one claim for relief is present in an action, . . . **or when multiple parties are involved**, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, **any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.**

(Emphasis added). Thus, the trial court had the power to amend its decision at any time prior to the entry of a final order in this matter. We note that the only revision to the initial ruling was that the court granted the motion to dismiss on the second amended motion to dismiss

rather than the first amended motion to dismiss. We find no abuse of discretion in the actions of the trial court.


## V. CONCLUSION

The judgment of the trial court is affirmed. Costs are assessed against the Appellant, Jack Lane. The case is remanded, pursuant to applicable law, for enforcement of the trial court's judgment and for collection of costs assessed below.

_____

JOHN W. McCLARTY, JUDGE