IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2017


**RUSSELL LEAKS v. STATE OF TENNESSEE**


**Appeal from the Tennessee Claims Commission**
**No. T20152889     James A. Hamilton, III, Commissioner**

_____

**No. W2016-01609-COA-R3-CV**

_____

This appeal involves a suit filed in the Tennessee Claims Commission against the State of Tennessee. The claimant alleged that he was seized without a warrant or probable cause, in violation of his Fourth Amendment rights under the United States Constitution. The State sought dismissal, alleging that the Claims Commission did not have the requisite jurisdiction to hear such a claim. The Claims Commissioner agreed and dismissed the claim. The claimant appeals. We affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Tennessee**
**Claims Commission Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Russell Leaks, Memphis, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; and Andrée S. Blumstein, Solicitor General; and Pamela S. Lorch, Senior Counsel, Nashville, Tennessee, for the appellee, the State of Tennessee.

Russell Leaks ("Claimant") was provided a conditional release from the Tennessee Department of Correction ("TDOC") on June 19, 2014, following his voluntary completion of a TDOC program. Thereafter, on July 3, 2014, TDOC officials returned Claimant to custody, the reasons for which are unclear from the record.[1]

On June 26, 2015, Claimant filed a "Claims for Damages" with the Tennessee Division of Claims Administration. Claimant sought damages for his illegal seizure in violation of the Fourth Amendment to the United States Constitution. The claim was transferred to the Tennessee Claims Commission ("the Claims Commission") with James A. Hamilton, III serving as the Claims Commissioner. Claimant then filed a "Claim for Damages" in which he again maintained that he was illegally seized and that his subsequent detention was in violation of his Fourth Amendment rights. The State filed a motion to dismiss, alleging that the Claims Commission lacked subject matter jurisdiction to entertain such a claim. Claimant objected, citing Tennessee Code Annotated section 9-8-307, which governs actions based upon the "negligent care, custody, and control of persons." He also requested a default judgment based upon the State's failure to file a response within 30 days of the filing of his "Claim for Damages."

The Claims Commission dismissed the claim, finding that it did not have the requisite authority to hear claims asserting an alleged violation or deprivation of Fourth Amendment rights under the United States Constitution. The Claims Commission also denied Claimant's motion for default judgment, finding that the complaint was never served upon opposing counsel.[2] Lastly, the Claims Commission denied any allegations based upon section 9-8-307 because Claimant failed to plead the action in his complaint. Further, Claimant asserted that the actions at issue were intentional, not negligent.

Claimant filed a timely appeal in this court. *See* Tenn. Code Ann. § 9-8-403(a)(1) ("The decisions of the individual commissioners or, when rendered, decisions of the entire commission regarding claims on the regular docket may be appealed to the Tennessee court of appeals pursuant to the same rules of appellate procedure which govern interlocutory appeals and appeals from final judgments in trial court civil actions[.]"). The trial court's grant of a motion to dismiss a case based on lack of subject matter jurisdiction is a conclusion of law. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v.*

---

[1] Claimant alleges in his brief that TDOC officials came to his residence with a letter, advising him to submit himself to their custody because it had been determined that he was not eligible for release.

[2] Instead, the Claims Commission advised the State of the claim and instructed the State to file a response by May 6, 2016. The State responded by filing a Motion to Dismiss along with a Memorandum of Law in Support prior to May 6.

*Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn*, 270 S.W.3d at 47; *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

The Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may direct." Tenn. Const. art. 1, § 17. "This constitutional provision reflects sovereign immunity, the notion that a sovereign governmental entity cannot be sued in its own courts without its consent." *Northland Ins. Co. v. State*, 33 S .W.3d 727, 729 (Tenn. 2000) (citations omitted); *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000). "The rule of sovereign immunity in Tennessee is both constitutional and statutory. It is not within the power of the courts to amend it." *Jones v. L & N Railroad Co.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981).

The legislature has waived its sovereign immunity as to certain actions brought before the Claims Commission. *See* Tenn. Code Ann. § 9-8-301, et seq. The relevant code section provides that "[t]he commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the [S]tate based on the acts or omissions of '[S]tate employees'" that fit within one of several categories. Tenn. Code Ann. § 9-8-307(a)(1). "Outside of these categories, no jurisdiction exists for claims against the State." *Morton v. State*, No. M2008-02305-COA-R3-CV, 2009 WL 3295202, at *2 (Tenn. Ct. App. Oct. 13, 2009).

The Tennessee Legislature expressly revoked jurisdiction for claims involving the negligent deprivation of constitutional rights in 1989. *Shell v. State*, 893 S.W.2d 416, 418-19 (Tenn. 1995). While jurisdiction remains for actions involving the negligent deprivation of statutory rights, no jurisdiction is provided for claims based upon intentional conduct of the State's employees. *See* Tenn. Code Ann. § 9-8-307(d) ("The state will not be liable for willful, malicious, or criminal acts by state employees, or for acts on the part of state employees done for personal gain.").

On appeal, Claimant now requests relief based upon the TDOC's employees' violation of Section 40-7-103 for failure to secure a warrant before his arrest. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). Moreover, the Claims Commission would lack jurisdiction over this claim as well. In order to sustain a claim of negligent deprivation of statutory rights, the claimant must prove "that the general assembly expressly conferred a private right of action in favor of the claimant against the state for the state's violation of the particular statute's provisions[.]" Tenn. Code Ann. § 9-8-307(a)(1)(N). Here, the allegations stem entirely from the *intentional* failure to comply with section 40-7-103, which does not confer a private right of action.

With the above considerations in mind, we affirm the dismissal of the claim.  The case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Russell Leaks.

_____
JOHN W. McCLARTY, JUDGE