FILED
10/31/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2018

## JARVIS Q. WILLIAMS v. CHERRY LINDAMOOD, WARDEN, ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. CT-002105-16      Robert L. Jones, Chancellor**

_____

### No. M2017-02407-COA-R3-CV

_____

An inmate at the South Central Correctional Facility in Clifton, Tennessee, filed this action to challenge the confiscation and destruction of his property and the decision of the prison grievance board concerning said property. The respondents denied the allegations. The trial court dismissed the petition as to all respondents. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Jarvis Q. Williams, Clinton, Tennessee, pro se.

James I. Pentecost and J. Austin Stokes, Jackson, Tennessee, for the appellees, Warden Cherry Lindamood, Ronald White, Scotty Peeler, Shane McClain, and Rhonda Riley.

### MEMORANDUM OPINION[1]

Jarvis Q. Williams ("Petitioner") submitted an inmate grievance form on June 10, 2016, concerning the confiscation of his personal property on May 17. Petitioner alleged that his fan and a pair of CL-20 headphones were taken from him during the intake process following his transfer from Trousdale Turner Correctional Center. On June 13,

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Petitioner received a response from the grievance committee in which he was advised that his grievance was inappropriate because it had not been filed within seven calendar days of the occurrence giving rise to the grievance.

Petitioner submitted a second inmate grievance form on October 12, 2016, concerning the destruction of his Sony CDR radio during a search of his housing cell. He requested permission "to replace [his] personal property with a radio of the same model or of equal value and size." On October 19, Petitioner received a supervisor response advising him that he was allotted 30 days in which to mail his radio out and that he would not be allowed to replace his radio with the same model. A hearing before the grievance committee was held on October 23, during which it was discovered that the radio at issue was "grandfathered in and [was] no longer allowed to be purchased." Following the hearing, the grievance committee affirmed the supervisor's response. Thereafter, Petitioner initiated correspondence on January 5 and February 3, 2017, in which he requested a written response with findings and explanations concerning the destruction of his property. He also requested a criminal investigation by forwarding an affidavit of complaint to the District Attorney General on March 9 and a letter requesting criminal action on April 21. Petitioner has received no response.

On June 8, 2017, Petitioner filed this civil action to recover his personal property with an attached affidavit of inability to pay costs. Warden Cherry Lindamood, Ronald White, Scotty Peeler, Shane McClain, and Rhonda Riley (collectively "Respondents") were named as respondents. Respondents filed a motion to dismiss, citing Petitioner's failure to file a separate affidavit listing every lawsuit previously filed pursuant to Tennessee Code Annotated section 41-21-805(a)(1), which provides as follows:

(a) Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit with the following information:

(1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed[.]

Petitioner then filed an affidavit compliant with Section 41-21-805(a)(1) and requested acceptance of his filing to cure the procedural defect. The trial court denied the motion to dismiss and directed the parties to provide the rules and regulations concerning the taking of Petitioner's property in advance of the hearing.

The case proceeded to a hearing, after which the trial court dismissed the action, holding that Petitioner failed to exhaust his administrative remedies and had not filed a

timely appeal and that the evidence adequately supported the conclusions made in the administrative proceedings. This timely appeal followed.

The sole and dispositive issue on appeal is whether the court properly dismissed the action. Civil litigation initiated by state prisoners with an attached affidavit of inability to pay costs is governed by Tennessee Code Annotated Section 41-21-801, et. seq. As pertinent to this appeal, Section 41-21-806 provides as follows:

> (a)  An inmate who files a claim that is subject to review by the grievance committee established by the department shall file with the court an affidavit stating the date that the grievance was filed and the date the final decision was received by the inmate with a copy of the final decision from the grievance committee.

> (b)  The court shall dismiss the claim if the inmate fails to file the claim before the thirty-first day after the date the inmate receives the final decision from the grievance committee.

Here, the Petitioner attested that he filed his initial claims with the grievance committee on June 10 and October 12, 2016, and that he received the final decisions from the committee on June 13 and November 4, 2016. This action was filed on June 8, 2017.

Petitioner argues on appeal in his reply to Respondent's responsive brief that dismissal pursuant to Section 41-21-806 was erroneous because his claim was not subject to review by the grievance committee, thereby establishing the inapplicability of Section 41-21-801, et. seq.[2] Petitioner did not assert this argument at the trial court level or in his initial brief to this court. To the contrary, Petitioner cited Section 41-21-801 in his claim for writ of possession and evaded dismissal of the action by his late-filed compliance with the procedural requirements contained therein. A party may not offer a new issue

---

[2] In support of his argument, Petitioner cites the Tennessee Department of Correction Policy #501.01, which defines a grievance as:

> A written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate by staff or other inmates, or any condition or incident within the Department or institution which personally affects the inmate complainant.

Policy #501.01 provides that claims for monetary compensation for injuries or property loss are "non-grievable" and may not be considered by the grievance committee. The record reflects that Petitioner sought the return of his fan and headphones and that he requested the replacement of his radio with the same or similar model. He did not request monetary compensation from the committee. Further, Section 41-21-801, et. seq. is applicable to "a claim brought by an inmate in . . . a trial level court of record in which an affidavit of inability to pay costs is filed with the claim by the inmate." Such is the case here.

for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted). This issue is waived.

Petitioner alternatively argues that Respondents may not rely upon the statute of limitations provided in Section 41-21-806 because they failed to raise the issue at the trial court level. The record reflects that Respondents asserted any applicable statute of limitations as a defense in the answer to the complaint. The court dismissed the claim, in part, due to the untimely filing of the action.

Petitioner next argues that his claim concerning the confiscation and destruction of his radio is not subject to the statute of limitations because he appealed the grievance committee's decision to the Commissioner but never received a response. The Tennessee Department of Correction ("TDOC") Policy #501.01 provides that an inmate may appeal a grievance committee's decision within 5 calendar days to the Commissioner, who is then required to issue a response within 25 working days of the date the appeal is received. TDOC policy #501.01 further provides as follows:

> If a time limit expires at any stage of the process without a required response, the grievant may move the grievance to the next stage of the process, unless the inmate agrees in writing to a fixed extension of the time limit for response.

Petitioner does not argue and did not include any filing indicating that he agreed to a fixed extension of the time limit. Here, he received the committee's response on November 4, 2016, but did not file the action until June 8, 2017, well beyond the 31-day statute of limitations and any additional time that may be allotted to account for the filing of the Commissioner's response to an administrative appeal.

With all of the above considerations in mind, we must affirm the court's dismissal of the action pursuant to Section 41-21-806(b). This case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Jarvis Q. Williams.

_____
JOHN W. McCLARTY, JUDGE